**TRINITY UNIVERSAL INSURANCE COMPANY, Appellant,**

v.

**U. Q. WINEINGER, Appellee.**

**No. 4213.**

Court of Civil Appeals of Texas.

Waco.

June 25, 1964.

Rehearing Denied July 9, 1964.

**760**

Strasburger, Price, Kelton, Miller & Martin, Dallas, Jones, Fillmore, Robinson & Lambert, Wichita Falls, for appellant.

Peery & Wilson, Wichita Falls, for appellee.

WILSON, Justice.

■ In a workmen's compensation case the court granted claimant's motion in limine to instruct the carrier's counsel to make no reference to, or offer evidence concerning beneficial effects of surgery. Three of the appealing carrier's points complain of this action. The points are overruled, among other reasons, because (a) the carrier's demand for surgery under Art. 8306, Sec. 12e, Vernon's Ann.Civ.Stat., qualified its assumption of responsibility by a restriction to surgery to be administered by "a physician of the carrier's choice"; and (b) the physician's medical report submitted by the carrier to the Industrial Accident Board in connection with the demand stated the doctor had examined claimant and he did "not feel that he is a candidate for any surgical procedure." Hardware Mutual Cas.

Co. v. Courtney, Tex.Sup., 363 S.W.2d 427, 431.

■ Complaint is made that after claimant had testified that he had voluntarily submitted to all treatment ordered or recommended by the doctors who examined or treated him, the court refused to permit the carrier to show that claimant "had vigorously opposed before the Industrial Accident Board the plaintiff being required to submit to surgery."

The proposed showing referred to, which was tendered and excluded, consisted of a letter from claimant's counsel to the Board which pointed out that the examination report of the doctor appointed by the Board was not unequivocal, and contained no statement surgery would benefit claimant, and the report of another physician addressed to the carrier stated claimant's problem was "an instability rather than a ruptured disc." The attorney's letter concluded, "I respectfully submit that an order for surgery under these circumstances is not called for." The carrier's demand for surgery was denied by the Board.

There was no showing before the Board that an operation would "effect a cure" of claimant or would "materially and beneficially improve his condition," as provided in Art. 8306, Sec. 12e. There was no showing before the Board that any doctor had recommended or ordered surgery. One doctor had reported "This patient probably does need surgery," but he qualified his opinion by saying the case was "difficult to diagnose" and "Before making this advice final, I would suggest that he have a second myelogram."

That claimant's attorney noted the facts and protested an order for surgery under these circumstances was not a refutation or rebuttal of the employee's testimony that he had submitted to all treatment ordered or recommended by treating or examining doctors. The point does not reflect reversible error.

Affirmed.